UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUATAZ YAHYA ABDULJABB AL KHATEEB,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>Defendants. | CASE NO. 2:26-cv-02097-DGE<br><br>ORDER DENYING MOTION TO STAY LITIGATION DEADLINES (DKT. NO. 10) |

## I INTRODUCTION

This matter comes before the Court on Defendants' Motion to Stay Litigation Deadlines pending this Court's decision on Defendants' Partial Motion to Dismiss. (Dkt. No. 10.) Having considered the motion, Plaintiff's response in opposition (Dkt. No. 12), and Defendants' reply in support (Dkt. No. 13), the Court DENIES the motion.

## II BACKGROUND

On June 15, 2026, Plaintiff Muataz Yahya Abduljabbar Al Khateeb filed a complaint requesting judicial review of Defendants' denial of his application for naturalization under

8 U.S.C. § 1421(c). (Dkt. No. 1). Plaintiff's complaint includes five additional claims related to the naturalization application denial under various federal immigration laws, accompanying agency regulations, and Fifth Amendment Due Process. (*Id.*)

Defendants filed a partial answer responding to Plaintiff's claim seeking de novo review under 8 U.S.C. § 1421(c). (Dkt. No. 9.) Defendants filed a concurrent partial Motion to Dismiss seeking dismissal of all of Plaintiff's remaining claims. (Dkt. No. 8.).

Defendants then filed the pending motion on September 4, 2026, seeking a stay of all litigation deadlines, including but not limited to the 26(f) report, 16(b) conference, and discovery, until this Court issues an order on Defendants' partial motion to dismiss. (Dkt. No. 10.) Defendants move to stay pursuant to Federal Rules of Civil Procedure 6(b) and 26(c)(1), and Local Rule 7(j). (*Id.*)

## III DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Among those competing interests are "the possible damage which may result from granting a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–255). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–434 (2009). The moving party additionally bears the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the

stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.. Additionally, Federal Rule of Civil Procedure 6(b) requires "good cause" for an extension of time. Fed. R. Civ. P. 6(b).

This Court finds Defendants have not met the burden in demonstrating a clear case of hardship or inequity to justify an exercise of this Court's discretion. Should Plaintiff's § 1421(c) claim be his sole claim to go forward, discovery will involve the examination of the same underlying events. Further, though Defendants state a stay would allow the Court and parties to focus on the claims that remain following the Court's decision on the pending partial motion to dismiss, Defendants fail to identify work that such simplification could avoid other than potential discovery disputes that may arise regardless of whether Plaintiff's additional claims proceed. (Dkt. No. 12 at 5.) This Court thus does not find good cause to justify a stay.

## IV CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds Defendants have not established good cause to suspend all proceedings while the Court resolves Defendants' Partial Motion to Dismiss and ORDERS that Defendant's Motion to Stay Litigation Deadlines is DENIED.

Dated this 6th day of October, 2026.

David G. Estudillo
United States District Judge